THE PRESIDENT, DIRECTORS AND COMPANY of the FARMERS' BANK of VIRGINIA, use of FENDALL MARBURY, Adm'r of WILLIAM LYLES, *vs.* JOHN B. BROOKE, Trustee, &c., and JEREMIAH P. BARTHOLOW, Garnishees of WILLIAM PINKNEY BROOKE.

*Husband and Wife—Evidence—Burden of proof—A purchaser from the Wife, of property transferred to her in prejudice of the rights of subsisting Creditors, presumed in the absence of proof to the contrary to be a bona fide purchaser without notice—Attachment—Practice in Attachment as to docketing separate suits against separate Garnishees, under Art. 31, sec. 19 of the Code.*

Promissory notes for a debt due to a person who is insolvent, given to the trustee of his wife, and secured by mortgage, constitute a transfer to her in prejudice of the rights of the then subsisting creditors of the husband, and are void as against them so far as she and her trustee are concerned.

But if the notes are subsequently transferred to a third person, he will be entitled to them, and to the mortgage given to secure their payment, unless he received them without consideration, or had knowledge that they were given to the trustee of the wife for an indebtedness due to her husband, and that the transfer of this indebtedness by him to his wife was in prejudice of the rights of his creditors.

It is incumbent upon the party assailing such transaction to adduce proof of the real facts, where they do not appear on the face of the notes or mortgage, and to show that the assignee of the notes did not pay value for them, and that he had notice that they were given for a debt due to the husband, and that the transaction was in prejudice of the creditors of the husband, and in the absence of such proof the presumption is that the assignee is the *bona fide* holder of the notes for consideration and without notice.

The plaintiff in an attachment, on a motion made before the case is closed, is entitled to have a separate suit docketed as against each of several gar-

nishees, who are severally indebted to the defendant in the attachment, or who severally have his property in their possession.

APPEAL from the Circuit Court for Prince George's County.

On the 4th of March, 1868, Jeremiah P. Bartholow, being at that time indebted to Wm. Pinkney Brooke, gave John B. Brooke, as trustee for Martha G. Brooke, the wife of said Wm. Pinkney Brooke, his promissory notes, in settlement of the said indebtedness, and on the 11th of the same month he and his wife executed a mortgage of real estate in Prince George's county, to said John B. Brooke, as trustee, to secure the payment of said notes. At the time the indebtedness to Wm. Pinkney Brooke was so transferred to his wife he was himself insolvent.

An attachment was subsequently issued by the appellant in this case, upon a judgment recovered against Wm. Pinkney Brooke, which was laid in the hands of John B. Brooke, trustee of Wm. Pinkney Brooke, and as trustee of Martha G. Brooke, and upon the interest of Wm. Pinkney Brooke, under said deed of mortgage, and also laid in the hands of Jeremiah P. Bartholow.

No judgment of condemnation was entered against J. P. Bartholow, nor were any pleas filed by him. The case as against all the garnishees was laid before the Court by consent, and after all the evidence was in and the prayers had been submitted to, but not passed upon by the Court, the plaintiffs moved that a separate suit might be docketed against said Bartholow, as the evidence showed, or tended to show, that he was separately, and not jointly, indebted to the defendant.

This motion the Court refused to grant, and its refusal is one of the grounds of this appeal.

At the time of the trial W. B. Bowie was the holder of the mortgage notes which had been given to Mrs. Martha G. Brooke's trustee, and they appear to have passed out of

the hands of the trustee a short time after they were made, but there is no proof to show when they were received by W. B. Bowie, nor was there anything to show that they had not been transferred to him before the attachment was issued.

The other facts of the case are sufficiently stated in the opinion of the Court.

The plaintiffs offered the three following prayers, which were rejected by the Court. (MAGRUDER, J.)

1. If the Court shall find from the evidence in the cause, that a certain Jeremiah P. Bartholow and wife, executed the promissory notes and the mortgage offered in evidence; and shall further find, that the said notes and amount secured by the said mortgage were drawn in favor of a certain John B. Brooke, trustee of Martha G. Brooke, at the solicitation of Thomas Bradley, acting for Wm. Pinkney Brooke, and were given to satisfy the indebtedness of the said Jeremiah P. Bartholow to Wm. Pinkney Brooke, and shall further find, that the plaintiffs in the writ of attachment were subsisting creditors of the said Wm. Pinkney Brooke, at the date of the execution of the said notes and mortgage, and that at the time of the execution of the said notes and mortgage by the said Jeremiah P. Bartholow, the said Wm. Pinkney Brooke was insolvent, then the said transfer of the indebtedness due by Jeremiah P. Bartholow to Wm. Pinkney Brooke, from Wm. Pinkney Brooke, to John B. Brooke, trustee of Mrs. Martha G. Brooke, wife of Wm. Pinkney Brooke, was invalid.

2. If the Court shall find from the evidence in the cause that a certain Jeremiah P. Bartholow and wife executed the promissory notes and mortgage offered in evidence, and shall further find that the said notes and amount secured by the said mortgage were drawn in favor of a certain John B. Brooke, trustee of Martha G. Brooke, at the solicitation of Thomas Bradley, acting for Wm. Pinkney Brooke, and were given to satisfy the indebtedness of the said Jere-

Farmers' Bank of Virginia, &c. *vs.* Brooke, Trustee, &c.

miah P. Bartholow to Wm. Pinkney Brooke, and shall further find that the plaintiffs in the writ of attachment were subsisting creditors of the said Wm. Pinkney Brooke, at the date of the execution of the said notes and mortgage, and that at the time of the execution of the said notes and mortgage by the said Jeremiah P. Bartholow, the said Wm. Pinkney Brooke was insolvent, then the said transfer of indebtedness due by Jeremiah P. Bartholow to Wm. Pinkney Brooke, from Wm. Pinkney Brooke to John B. Brooke, trustee of Mrs. Martha G. Brooke, wife of Wm. Pinkney Brooke, was invalid, unless the Court shall further find, that prior to the issuing of the writ of attachment in this case, the said John B. Brooke, as trustee, assigned the said notes to a *bona fide* holder, without notice for a valuable consideration.

3. If the Court shall find from the evidence in the cause that a certain Jeremiah P. Bartholow and wife, executed the promissory notes, and the mortgage offered in evidence; and shall further find, that the said notes and amount secured by the mortgage were drawn in favor of a certain John B. Brooke, trustee of Martha G. Brooke, at the solicitation of Thomas Bradley, acting for W. Pinkney Brooke, and were given to satisfy the indebtedness of the said Jeremiah P. Bartholow to Wm. Pinkney Brooke; and shall further find, that the plaintiffs in the writ of attachment were subsisting creditors of the said William Pinkney Brooke at the date of the execution of the said notes and mortgage; and that at the time of the execution of the said notes and mortgage by the said Jeremiah P. Bartholow, the said William Pinkney Brooke was insolvent, then the said transfer of the indebtedness due by Jeremiah P. Bartholow to William Pinkney Brooke, to John B. Brooke, trustee of Mrs. Martha G. Brooke, wife of William Pinkney Brooke, was invalid; and if the Court shall find from the evidence in the cause, that the real estate secured by the mortgage offered in evidence in this cause was sold by

Alexander Hobbs, trustee, on the 29th day of August, 1871, and that the purchaser has never complied with the terms of sale, or paid the purchase money, and that the said real estate was sold by the said Hobbs, trustee, after the laying of the attachment upon the real estate described in the said writ of attachment under a prior mortgage, and that no auditor's report has been filed in the said cause of Hobbs, trustee, vs. Bartholow and wife, offered in evidence, distributing the proceeds of sale, and that the said Hobbs, as trustee, after the filing of the petitions in said cause offered in evidence the passage of the said order, of Jany. 24th, 1872, paid the said sum of ten thousand dollars to the said John B. Brooke, as attorney for William B. Bowie, the plaintiffs are entitled to a judgment of condemnation of all the right, title, interest of the said John B. Brooke, trustee of Martha G. Brooke and William Pinkney Brooke, in and to the real estate described in the said mortgage and writ of attachment.

The judgment of the Court being in favor of the defendant, the plaintiffs appealed.

The cause was argued before BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Daniel Clarke,* for the appellants.

The Court erred in refusing to grant the plaintiffs' first prayer, because if the Court found the facts set forth in that prayer, then the execution of the said notes and mortgage by Jeremiah P. Bartholow to John B. Brooke, trustee for Martha G. Brooke, wife of Wm. Pinkney Brooke, was an acquisition of property passing from the husband to the wife "in prejudice of the rights of subsisting creditors," and not valid. *Code of Pub. Genl. Laws, Art.* 45, *sec.* 1; *Kuhn vs. Stansfield,* 28 *Md.,* 210; *Schaferman vs. O'Brien,* 28 *Md.,* 565; *Warner vs. Dove and Wife,* 33 *Md.,* 579; *Worthington vs. Bullitt,* 3 *Md. Ch. Dec.,* 99; *Worthington*

*& Anderson vs. Shipley,* 5 *Gill,* 449; *Greene vs. Early & Townshend,* 39 *Md.,* 223.

The transfer of the indebtedness due by Jeremiah P. Bartholow to William Pinkney Brooke, from William Pinkney Brooke to John B. Brooke, trustee of Mrs. Martha G. Brooke, wife of W. Pinkney Brooke, was invalid, because upon the facts set forth in the prayer it was void as against subsisting creditors, of whom the plaintiff was one. *Spindler vs. Atkinson,* 1 *Md. Ch. Dec.,* 507; *Waters vs. Dashiell,* 1 *Md.,* 470; *Jones vs. Slubey,* 5 *H. & J.,* 372.

The Court erred in refusing the second prayer, if the first prayer should not have been granted. The second prayer stated the law even too favorably for the defendants. The first prayer went as far as the law requires in order to find the transfer invalid. If the acquisition of property, in the amount secured to be paid by the said notes and mortgage, was not valid as against the plaintiffs, then, although assigned by Mrs. Brooke, to whom the trustee sent them, before the attachment was laid, she could pass no greater interest than she acquired, namely, the property in the notes and mortgage, subject to the rights of the subsisting creditors of the husband.

The rights of the subsisting creditors of Wm. Pinkney Brooke not having passed, she could transfer no greater rights than she or her trustee acquired.

The third prayer proceeds upon the distinction between the notes or indebtedness itself, and the mortgage executed to secure the same. The execution of the notes and mortgage transferred or conveyed all the rights of Bartholow to John B. Brooke, trustee of Mrs. Brooke, except so far as the rights of subsisting creditors were concerned.

The law would therefore deal with the notes as charged *cum onere:* that is with the claim of subsisting creditors. The transfer of the notes would not relieve them of this burden. Hence the law, there being no assignment of the mortgage proved, would not treat the mortgage as being

assigned, but all the right, title and interest conveyed by Bartholow and wife to John B. Brooke, trustee, would remain in him under the mortgage, to the extent of the claims of subsisting creditors, and this the plaintiffs were entitled to have condemnation of, as the attachment had been laid on this interest in the land under the mortgage, which had been conveyed to secure the payment of the indebtedness.

This interest in the land conveyed by the mortgage to John B. Brooke, trustee, was *separate* and *distinct* from the indebtedness. If Bartholow had only executed the notes, then John B. Brooke, a trustee, to whom the notes were drawn payable, prior to the payment of the notes to him, could only be treated as claimant of the amount due on the notes. The indebtedness existing on the notes alone would be reached by laying the attachment in the hands of Bartholow. This was done to bind the rights, and credits, and indebtedness evidenced by the notes. But the interest and right and title which a mortgagee takes in the land itself to secure the payment of the debt, is something which is liable to be attached.

Under the third prayer the plaintiffs were entitled to a judgment of condemnation of all the right, title and interest of John B. Brooke, trustee of Martha G. Brooke, as mortgagee.

When the attachment was issued the plaintiffs were entirely ignorant whether Bartholow had ever paid the money due on the note or not, and in point of fact supposed from what they had been informed, that the money had been paid and was held by John B. Brooke, trustee of Mrs. Brooke, or if the whole had not been paid they did not know how much was due by Bartholow, and what amount had been paid to John B. Brooke. The evidence clearly showed that no part of the money had been paid by Bartholow. Bartholow, as garnishee, had put in no plea. William Pinkney Brooke, the defendant in the

judgment, had put in no plea for him. The plaintiffs were, therefore, entitled to judgment of condemnation of the amount due·on the notes by Bartholow against him. 1 *Code, Art.* 10, *secs.* 13 and 17 ; *Dawson, Adm'r, vs. Contee,* 22 *Md.,* 27 ; *Groome, Adm'r, vs. Lewis,* 23 *Md.,* 137.

The garnishee, Bartholow, having made no defence, the plaintiffs were entitled to have a separate suit docketed against him so as to have judgment against him, which judgment would be final against him in the separate suit, and would not be liable to await the decision of this Court on appeal in this case. *Berry vs. Matthews,* 13 *Md.,* 558 ; *Evans' Pract.,* 139.

*Alexander H. Hobbs,* for the appellees.

GRASON, J., delivered the opinion of the Court.

This cause was submitted to the Court below, without the intervention of a jury, and two exceptions were taken by the plaintiffs, one to the rejection of its four prayers and the other to the overruling its motion to have a separate suit docketed against Jeremiah P. Bartholow, one of the garnishees.

At the argument of the case in this Court it was conceded by the appellants' counsel that the fourth prayer was properly rejected ; so that it is only necessary to consider whether there was error in refusing to grant the instructions asked by the first, second and third.

It appears from the record that the notes, given by Bartholow to John B. Brooke, trustee of Mrs. Martha G. Brooke, were transferred to W. B. Bowie. At what time this transfer took place the record does not disclose ; but the proof shows that they were delivered by John B. Brooke, trustee, to either Mrs. Martha G. Brooke or Baker, within a very short time after they came into his possession, and there is no evidence to show that they had not been transferred to W. B. Bowie before the attachment in

this case was issued. As these notes were given for a debt due by Bartholow to William Pinkney Brooke, who was then insolvent, the transfer of the indebtedness to his wife was in prejudice of the rights of his then subsisting creditors, and was void as against them so far as she and her trustee were concerned. But the notes were transferred to W. B. Bowie, and he would be entitled to them and to the mortgage given to secure their payment, unless he received them without consideration, or had knowledge that they were given to the trustee of Mrs. Brooke for an indebtedness due to Wm. Pinkney Brooke, and that the transfer of this indebtedness by him to his wife was in prejudice of the rights of his creditors. There is nothing on the face of the notes or mortgage to indicate the real facts of the transaction, nor was any proof whatever offered tending to show that Bowie did not pay value for the notes, or that he had any notice that they were given for a debt due to Wm. Pinkney Brooke, or that the transaction was in prejudice of the rights of Wm. Pinkney Brooke's creditors. It was incumbent upon the plaintiff to adduce proof of these facts, and having failed to do so, the presumption is that Bowie is the *bona fide* holder of the notes for consideration, and without notice, and the three first prayers of the plaintiff were therefore properly rejected.

After all the proof had been offered, and after the prayers had been presented, but before the Court had delivered its opinion upon them, it appearing from the evidence that Bartholow, if indebted to Wm. Pinkney Brooke, was separately indebted to him and not jointly with the other garnishees, the plaintiff filed a motion to have a separate suit docketed against him. The Court overruled the motion and refused to docket such separate suit. The motion having been made before the case was closed, it was in time, and it was error to overrule it. Where an attachment is laid in the hands of several garnishees, who are severally indebted to the defendant in the attachment,

or who severally have his property in their possession, the correct practice is to docket separate suits against each garnishee, so that the suit against each may be proceeded with independently of the others. *Berry vs. Matthews & Chapman,* 13 *Md.,* 558. Section 31 of Article 10, of the Code, provides that, if neither the defendant nor the garnishee, in whose hands an attachment is laid, appear at the return of the attachment, and show sufficient cause to the contrary, the Court shall condemn the property and credits so attached, and award execution thereof. In this case neither the defendant in the attachment nor Bartholow appeared at the return of the attachment, and shewed cause to the contrary, and therefore the plaintiff was entitled to have condemnation of the credits attached in the hands of Bartholow, and to this end a separate suit ought to have been docketed against him.

The rulings of the Court below in the first exception are affirmed, but upon the second exception its judgment will be reversed, and the cause remanded, in order that a separate suit may be docketed against Jeremiah P. Bartholow, garnishee of Wm. Pinkney Brooke, and then he will have the opportunity of making his defence, if he have any, to a condemnation of credits in his hands.

*Judgment reversed and*
*cause remanded.*

(Decided 4th June, 1874.)