CAROLYN C. VERMEULE *vs.* THE YORK WATER COMPANY.

SAME, In Equity, *vs.* SAME.

York.    Opinion. December 10, 1914.

*Equity.    Execution.    Injunction.    Judgment.    Reference.    Revised Statutes,*
*Chap. 56, Sec. 6.    Revised Statutes, Chap. 47, Sec. 71.    Sale.*
*Scire Facias.    Title.    Void Sale.*

In an action of scire facias brought to revive a judgment for $2021.83 debt or
damage and $29.36 costs of suit, and for an alias execution, the Justice at nisi
prius having ordered the same to issue,

*Held:*

1.  That the seizure and sale of all the franchises, privileges, plant and property
    of the York Water Company, under R. S., Chap. 56, Sec. 6, as personal
    property, instead of under R. S., Chap. 47, Sec. 71, applicable to corporations,
    one method being provided for the sale of real estate and all rights and
    interests therein, and another for the sale of personal property, were invalid.

2.  That the property seized and sold, although nominally divided into four
    items by the officer in his return, was in reality an entity, the plant of the York
    Water Company, its entire water system embracing real estate, buildings,
    pumping station, stand-pipe, reservoirs, pipe lines, materials, tools, rights,
    franchises and privileges, and the failure of title because of errors of pro-
    cedure was a failure of title to the entire system.    There could be no practical
    dismemberment.

3.  That the award of the referees in the real action brought by the Water Com-
    pany to recover the property so seized and sold, on the ground of the invalidity
    of the sheriff's sale, restored the entire property to the Company and assessed
    rents and profits against Carolyn C. Vermeule for use and income of the same
    in the sum of $1593.90.

4.  That the plaintiff's judgment has therefore been in no part satisfied and she
    is entitled to an alias execution therefor.

5.  That the injunction granted on the bill in equity should be modified so that
    the defendant may be allowed to enforce its judgment and execution for
    rents and profits, by way of set-off but not otherwise.

On exceptions by defendant in scire facias. Exceptions over-ruled. In the equity case, bill sustained with costs and decree to be entered in accordance with this opinion.

Scire facias brought by plaintiff to revive a judgment recovered in the Supreme Judicial Court for York County, at the May term, 1908, against the defendant. Upon the execution which was issued on said judgment, the officer sold certain described property of the defendant to the plaintiff, and the plaintiff took possession as purchaser of said property. The seizure and sale of said property were unauthorized and void and conveyed no title thereof to the plaintiff. The defendant plead in answer to this action that the said seizure and sale recited in plaintiff's writ were valid.

On September 2, 1909, the defendant brought a real action against this plaintiff, as purchaser of said property, to recover possession of the land so sold as specified in the officer's return. This action was referred to referees, who awarded that plaintiff, being the defendant in this action, recover of the defendant, being the plaintiff in this action, judgment for the possession of the land described in the writ and for the rents and profits assessed in the sum of $1593.90. This award being accepted by the Court, judgment thereon was duly entered and execution issued on said judgment.

The bill in equity was brought by the plaintiff to restrain the defendant from enforcing said execution against plaintiff for the rents and profits awarded by the referees. At the hearing, the presiding Justice ordered an alias execution to issue, and the defendant excepted to this ruling.

The case is stated in the opinion.

*Leroy Haley,* for plaintiff.

*Littlefield & Littlefield, and George C. Yeaton,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, HANSON, PHILBROOK, JJ.

CORNISH, J. At the May term, 1908, of the Supreme Judicial Court for York County the plaintiff recovered judgment against the defendant in the sum of $2021.83 debt or damage, and $29.36 costs of suit. Execution was duly issued on this judgment and on June 25, 1908, a deputy sheriff seized, and on July 6, 1908, sold at public auction certain "goods, chattels, franchises, fixtures, pipes, fountains, lands and interests in lands" to satisfy the same, the plain-

tiff creditor being the purchaser thereof.   The officer's return sub-divides the property into four items.   Item one covers a certain tract of land containing one acre more or less and described by metes and bounds, together with the buildings and machinery thereon, apparently embracing the pumping station.   Item two covers a certain tract containing about one-third of an acre on which stood the water tower.   Item three specified "All the rights, privileges and franchises vested in the York Water Company by the town of York, and giving and granting unto the said York Water Company, rights to lay water pipes along the highways and to dig up the said high-ways and streets for purposes of laying and repairing such pipes." And item four embraced "All the aqueducts, pipe lines, wells, springs, tanks, reservoirs, material on hand, tools, pumping stations, machinery and other appliances and all other plant, leases and franchises or privileges used, owned, or held or enjoyed by the said York Water Company, for the purposes of supplying water to the inhabitants of the town of York. . . . . meaning and intending hereby to include all of the property, plant, leases, privileges and franchises vested in the said York Water Company or constituting a part of the property under the ownership and control of the said York Water Company whether the same has been acquired and conveyed to the said York Water Company under deed made and executed by Henry E. Evans and Charles E. Carter bearing date the 16th day of December, 1892, . . . or subsequently acquired in any other manner by the said York Water Company either by purchase or by the extending, rebuilding or enlarging the plant in any manner what-soever."

The seizure and sale, by mistake, were made under R. S., Chap. 56, Sec. 6, which provides for the execution sale of the "franchises, fixtures, pipes, fountains and interests in lands" of aqueduct cor-porations as personal property, instead of under R. S., Chap. 47, Sec. 71, the defendant corporation having been organized under the general law and its property being subject to attachment on mesne process and levy on execution "in the manner prescribed by law." The law prescribes one method in the case of real estate and all rights and interests therein, and another in the case of personal property.   The plaintiff entered into possession under this defective execution sale.

On the ground that this sale was unauthorized by statute and therefore conveyed no title to the plaintiff as purchaser, the Water Company on September 2, 1909, brought a real action against the plaintiff to recover all the property thus sold, setting forth in the declaration in terms the same four items specified in the officer's return. This action was referred to referees who, after hearing, awarded "that the plaintiff (The York Water Company) recover judgment for the possession of the land described in the writ and for rents and profits assessed in the sum of $1593.90 and costs of Court to be taxed by the Court." On this award of the referees, judgment was duly entered.

On June 6, 1912, Carolyn C. Vermeule brought this action of scire facias in which she seeks to revive the judgment and to have an alias execution issued for the full amount of the original judgment and costs, on the ground that because of the invalidity of the sheriff's sale that judgment has been in no part satisfied. The presiding Justice ordered the alias execution to issue and defendant's exceptions to this ruling have brought the case to the Law Court for determination.

The form of remedy by writ of scire facias is not questioned by the defendant. R. S., Chap. 78, Sec. 19, *Pillsbury* v. *Smyth*, 25 Maine, 427. And it admits the invalidity of the sheriff's sale so far as the real estate is concerned, but contends that certain personal property passed to the plaintiff under items three and four, valued at $50 and $1941.47 respectively, and therefore that an alias execution can issue only for the amount of the failed consideration of items one and two aggregating one hundred dollars.

This contention we cannot sustain. It is undoubtedly true that where a levy has been made upon real estate and it is afterwards discovered that the title to a definite portion of the property has failed either through want of ownership or invalid proceedings, the creditor is entitled to a new execution only for the amount remaining unsatisfied. *Rice* v. *Cook*, 75 Maine, 45. But the facts do not permit the application of that rule here. The property seized and sold, although nominally divided into four items by the officer in his return was in reality a unit, the plant of the York Water Company, its water system, embracing its real estate, buildings, pumping station, stand-pipe, reservoirs, pipe lines, materials, tools, rights, franchises and privileges. All these, and the four items

specifying these, are so closely connected and interwoven that dismemberment means ruin. Item one apparently covers the pumping station and lot, item two the stand-pipe and lot, item three rights and permits in the highways, and item four an omnibus description covering property real, personal and mixed. The defendant's theory would give the plaintiff title under the sale to items three and four, and deprive her of items one and two; that is it would recognize the plaintiff's ownership of the distributing system at a valuation of $1991.97, but withhold from her the pumping station and stand-pipe, and would allow her an alias execution for $100 as the title to those two fractions of the plant has failed. Such a theory cannot be upheld. The seizure and sale were of an entire water system and the failure of title, because of errors of procedure, was a failure of title to the entire system.

This certainly was the view which the defendant itself took of the transaction because it brought its real action to recover all the property, and claimed not merely the two lots of land with structures thereon embraced in items one and two, but the entire water system, specifying in detail in its declaration all four items which the officer had set forth in his return. This real action was heard by the referees and the defendant now contends that their award gave only the first two items to the Company and left the title to the remainder in Carolyn C. Vermeule, because its language is, "we award that the plaintiff recover judgment for the possession of the land described in the writ." But to hold that this excluded all but items one and two is too narrow a construction. The declaration was "in a plea of land" and the award simply meant judgment for the plaintiff, and recovery of all that was claimed. Item three embraced rights in land, and item four specified in terms "all of the property, plant, leases, privileges" etc. That this was the opinion and intention of the referees is apparent from the further fact that they also assessed rents and profits against Carolyn C. Vermeule in the sum of $1593.90. Such a sum could not have been imposed upon her for the use and income of the pumping station and lot and the stand-pipe and lot, but for the use and income of the entire water plant, which had been in her possession and had been operated by her after the sheriff's sale. Viewed from every angle the result is the same. The plaintiff's execution has been in no part satisfied and under this form of pro-

cedure she is entitled to another. The debtor will lose and the creditor will gain no rights thereby, and that exact justice between the parties will be attained which the writ of scire facias in such cases is designed to accomplish.

The bill in equity was brought to restrain the defendant from enforcing its execution against the plaintiff for the amount of rents and profits awarded by the referees, until the determination of this action of scire facias, in order that, if the scire facias were maintained and alias execution issued, the executions might be offset against each other. A temporary injunction was granted by the sitting Justice. As, under this opinion, an alias execution is to issue, the injunction should be modified so that the defendant may be allowed to enforce its judgment and execution by way of offset, but not otherwise.

Our conclusion therefore is that in the action of scire facias the exceptions are overruled. In the equity proceedings the bill is sustained with costs, and decree is to be entered in accordance with the opinion.

*So ordered.*