## Goehring et ux., Appellants, *v.* McDiarmid.

*Negligence—Dentists—Malpractice — Extraction of tooth — Escape of particle of tooth into throat—Evidence—Calling defendant on cross-examination—No contradiction.*

1. In an action against a dentist for malpractice in extracting a tooth, where plaintiff charges defendant in her statement that defendant "let one large piece escape into her bronchial tubes," a nonsuit is properly entered where plaintiff's evidence does not make it plain whether the thing which she alleges escaped into her throat was a tooth, or the root of a tooth, or merely a particle, which even with due care defendant might not have known of.

2. In such case, plaintiff fails to establish facts which would have warranted the finding that defendant had a duty, which he omitted to perform, to notify her of the alleged missing root or tooth, so that she might have taken precautions.

3. As plaintiff failed to produce testimony which would have warranted the jury in finding that defendant knew or ought to have known that a fragment or particle of tooth had escaped, inquiry as to what he would or should have done had he known of such escape, was irrelevant.

4. Where plaintiff, in a malpractice case, calls defendant for cross-examination, she is bound by such of his statements as were not contradicted by her own or other testimony.

Argued March 18, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 16, March T., 1927, by plaintiffs, from order of C. P. Allegheny Co., July T., 1922, No. 1697, refusing to take off nonsuit, in case of Virginia A. Goehring and Louis M. Goehring, her husband, v. W. H. McDiarmid.   Affirmed.

Trespass for malpractice in extracting tooth.   Before EVANS, J.

The opinion of the Supreme Court states the facts.

Nonsuit and refusal to take off.   Plaintiffs appealed.

*Error assigned* was, inter alia, order, quoting record.

*Carl E. Glock,* with him *Reed, Smith, Shaw & McClay,* for appellants.

*William A. Challener,* for appellee.

PER CURIAM, April 11, 1927:

Plaintiffs, Virginia A. Goehring and her husband, sued defendant in trespass to recover for personal injuries to Mrs. Goehring; the trial judge entered a nonsuit which the court below in banc refused to remove; these appeals followed.

Plaintiff alleged and sought to prove that defendant, an experienced dentist, in extracting one of her teeth, "operated so carelessly" that he broke it into parts, and "let one large piece......escape into [her] bronchial

tubes and lungs," causing a serious illness which was not cured until she coughed up a "tooth" or "particle" of a tooth, when she gradually recovered her health.

Plaintiff called defendant for cross-examination, and, under our authorities (Mathey v. Flory M. Co., 283 Pa. 331, 337, and cases there cited), she was bound by such of his statements as were not contradicted by her own or other testimony. Without detailing the evidence, it is sufficient to say that defendant's testimony showed that at the time under investigation he had extracted several teeth from plaintiff's mouth, carefully and according to modern scientific methods, particularly guarding against the escape of a tooth or its parts into his patient's throat, during the operation or thereafter, and, though one dead tooth, with an old filling in it, had broken under the forceps, he had taken pains to ascertain that all recognizable portions of the broken tooth were accounted for. This was the only evidence offered to show negligence in the operation itself, and it failed of its purpose; but, in addition to plaintiff's general complaint as to the manner in which the operation was performed, she likewise complained, in her statement, of defendant's failure to "inform" her "of the escape of a 'particle' [of the broken tooth] into her throat, whereby she remained ignorant for a long period of time of the cause of her [ensuing] illness, and her physicians were unable to diagnose her ailment."

As to this last complaint, which is the only substantial point in the case, we call attention to the fact that plaintiff therein speaks of the escape of "a particle" into her throat, and the uncontradicted evidence of defendant, on cross-examination, is to the effect that, despite the utmost care on the part of an operator, it is possible for a particle of a tooth to escape into the throat without the operator's knowledge.

While plaintiff showed by herself and other witnesses that she had, during her illness, coughed up either a tooth or part of one, yet the thing itself was not pro-

duced at the trial, having been lost; and the testimony does not show to any degree of certainty whether it was merely a particle which escaped into plaintiff's throat, as alleged in the last-quoted part of her statement of claim, or a root of the broken tooth, as alleged in the argument of appellant's counsel. If the testimony had identified the object in question as the latter, then, it might be contended with some plausibility that it ought to have been submitted to the jury to find whether an ordinarily skillful dentist should not have known that one of the roots was missing, and, in that case, whether due care did not require him to inform plaintiff of such fact, so that, in event of the development of subsequent physical ailments, she could have the advantage of such knowledge in seeking proper treatment. The trouble here is, however, that the testimony failed to show just what, in fact, plaintiff coughed up. One lay witness, who had seen the object, said it "appeared" to be the root of a tooth, but he described it as "perfectly green all over," and stated that "there might have been a small part of enamel" on it. Another witness called it "a tooth," not part of a tooth. Plaintiff herself said "it was half an inch long," "just as green as grass," had gold filling" in it, and some "enamel" on it; she said "I recognized it......as being the tooth which was extracted from the left side," though she afterward referred to the object as "part of" that tooth.

It is apparent from this testimony that the thing which escaped into plaintiff's throat might have been only a portion of the broken tooth or top of the filling. If, in point of fact, the object under discussion was neither a whole tooth, the root of a tooth, nor such other defined part that, by due care, its absence might have been recognized after the extraction, but, on the contrary, was only a "particle" which could not have been so followed, then there is nothing in the evidence to contradict defendant's testimony upon cross-examination to the effect that all the teeth extracted by him, as well as

all the roots and other ascertainable parts of the particular tooth here in question, were taken care of at the time of, and accounted for after, the operation.

Since plaintiff's evidence did not make it plain whether the thing which she alleges escaped into her throat was a tooth, the root of a tooth, or merely a particle which, even with due care, defendant might not have known of, she failed to establish facts which would have warranted the finding that defendant had a duty, which he omitted to perform, to notify her of the alleged missing root; and therefore the court could not have submitted the case to the jury on that theory.  On this state of the record, not only was a nonsuit warranted, but no error was committed by the court below in sustaining objections to questions put to defendant as to whether it was customary to tell patients of the escape of particles of teeth and whether he would have told plaintiff had he known that a fragment of tooth had entered her body.  In short, since plaintiff did not produce testimony which would have warranted the jury in finding that defendant knew or ought to have known that a "fragment" or "particle" of tooth had escaped, inquiry as to what he would or should have done had he known of such an escape was irrelevant.

The judgment is affirmed.