## JOHN W. DULIN, Administrator, *v.* TALBOT BANK OF EASTON.
[No. 8, October Term, 1932.]

*Decided October 19th, 1932.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*John C. North,* for the appellant.

*Webster S. Blades,* with whom were *Charles J. Butler* and *Blades & Rosenfeld* on the brief, for the appellee.

Adkins, J., delivered the opinion of the Court.

The question in this case is raised by the administrator of the estate of Samuel Dulin, who died intestate, in regard to the right of the Talbot Bank of Easton, Maryland, to set off two unmatured notes of the intestate and another joint maker to the bank, aggregating $1,798.75, against a deposit of the said intestate in the savings department of the bank of $2,095.32.

The petition filed by the administrator alleges the existence of the notes and of the deposit, and that the petitioner had previously requested the court to pass an order authorizing the payment of said notes, so as to save the estate the un-earned interest thereon and also the entry of judgments thereon at the proper time against the other maker, which order the court refused to grant; that before said notes matured the appraisers appointed by the court to appraise the personal estate of the decedent returned in their inventory, as a deposit in said bank to the credit of the decedent, the sum of only $296.57, the difference between the amount of the deposit and the aggregate amount of said notes; that petitioner filed in said court a petition reciting these facts and praying the court to pass an order notifying said appraisers to be and appear in said court on a day to be named, and, if then it should be found that the allegations in said petition were true, a further order be passed authorizing the correction by said appraisers of the inventory; that the court refused to pass either of said orders and instructed the register of wills to mark said petition "refused"; that said bank, after the death of the decedent and after the inventory and appraisement were filed in the estate, deducted from the aforesaid

savings account the said notes, together with interest said to be due thereon, without first exhibiting, filing, or probating said notes, and without being authorized by the administrator so to do. The prayer of the petition is: (1) That the court direct plenary proceedings by bill or petition, to be answered under oath as provided in article 93, section 263, of the Code; (2) that on proof of the facts alleged the appraisers be authorized and directed to correct or amend the inventory so as to show the amount of money on deposit to the credit of the decedent in said bank; (3) that subpoena be directed to said bank to answer under oath the allegations contained in the petition; (4) that the bank be required to probate any and all claims it might have against the decedent; (5) for general relief.

The bank was summoned, and filed the following answer: (1) That the allegations in the petition do not present a proper case for the exercise by the court of its plenary jurisdiction; (2) that the issue raised in the petition, and the object sought to be attained, has already been passed on by the court and is *res adjudicata*. Wherefore the Talbot Bank prays that said petition be dismissed or refused.

On March 29th, 1932, the court filed the following opinion and order:

"The court has given consideration to this, the fourth petition in the above estate and has reached a conclusion that the allegations of said petition do not warrant the exercise of plenary jurisdiction, as prayed, and the court will accordingly sign an order dismissing the said petition.

"Ordered this 29th day of March, A. D. 1932, by the Orphans Court for Talbot County that the petition filed in the above matter be, and the same is, hereby dismissed."

This appeal is from that order.

We find no error in the order. It was not a case for plenary proceedings, as there were no facts in dispute. There was nothing but a legal question to be determined. *Cain v. Warford,* 3 Md. 462; *Wilson v. Jarrell,* 137 Md. 558, 112 A. 921.

And that question was between the administrator and a third party which was not interested in the estate except as debtor or creditor, and such party could not be compelled to come into the orphans' court to have there determined a dispute between it and the administrator.

It was said in *Fowler v. Brady,* 110 Md. 204, 208, 73 A. 15, 16: "But the orphans' court is a court of limited, and not general, jurisdiction, and can only exercise such jurisdiction as has been expressly conferred upon it by statute. * * * And it has been repeatedly held that the orphans' court has not jurisdiction to determine questions of title to personal property, except under section 243 (now 252 of Bagby's Code), where a person interested in the estate charges the administrator with concealing or having in his hands property belonging to the estate which he has omitted to return in the inventory. * * * There is no reason why the orphans' court should be given jurisdiction to determine the title to property claimed by a party against the administrator. The title to property belonging to the estate is in the administrator, and he, as we have said, can maintain an action to test the title in a court of law." See, also, *Linthicum v. Polk,* 93 Md. 84, 48 A. 842; *Pratt v. Hill,* 124 Md. 252, 92 A. 543; *Fulford v. Fulford,* 153 Md. 81, 137 A. 487.

If the estate is solvent, the question in controversy is of no practical importance except as to the administrator's commissions. It is not necessary for us to express any opinion as to the merits of the case. If the administrator regards it of sufficient importance, he can apply to the orphans' court for leave to amend his inventory, and then bring an action at law against the bank to test the question. It is for him and not for the appraisers to make any amendment that he thinks should be made.

*Order affirmed, with costs to appellee.*