## Dunmore et ux., Appellants, *v.* Padden.

*Negligence—Automobiles—Injury caused while under control of third person—Liability of owner.*

1. An owner of an automobile who lends it with his chauffeur to another is not liable for damages resulting from its negligent operation while it is being used in the business and is under the control of the borrower.

*Evidence—Witnesses—Calling adverse party to testify—Act of May 23, 1887, P. L. 158.*

2. One who calls the adverse party to testify as if under cross-examination under the provisions of the Act of May 23, 1887, P. L.

158, although not concluded by the testimony in the sense that he cannot call witnesses to contradict it, cannot select so much of the testimony as is favorable, and reject that which is unfavorable, when he has not attempted to contradict the unfavorable testimony by other witnesses.

Argued Oct. 7, 1918.   Appeal, No. 25, Jan. T., 1918, by plaintiffs, from judgment of C. P. Lackawanna Co., No. 441, Nov. T., 1912, on directed verdict for defendant in case of George A. Dunmore and his wife, Marilla Dunmore, v. Thomas Padden.   Before STEWART, MOSCHZIS-KER, FRAZER, SIMPSON and FOX, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before O'NEILL, J.

The facts appear from the opinion of the Supreme Court.

Verdict for defendant by direction of the court and judgment thereon.   Plaintiffs appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*George D. Taylor,* for appellants.

*M. J. Martin,* with him *Ralph W. Rymer,* for appellee.

OPINION BY MR. JUSTICE FOX, October 23, 1918:

Mrs. Dunmore, the appellant, on the 2d of November, 1911, was riding in her own buggy wagon on a steep hill near East Lemon in the County of Wyoming, the horse being driven by her own hired man.   As they turned a sharp curve they met an automobile driving in the opposite direction.   The horse took fright, became uncontrollable and overturned the buggy.   Mrs. Dunmore was thrown out and sustained injuries for which she brings this suit.

The automobile in question was owned by the appellee, Thomas Padden.   Padden, with three or four companions had started on a hunting trip on the morning of that day and at noon two of the party found that the hunting dogs were not satisfactory.   Michael Horan, one of his companies, asked Padden whether he would give him the use of the automobile for the afternoon so that he might go to a friend's house and procure other hunting dogs.   While Padden was the owner of the automobile, the chauffeur was employed by a brewing company and paid by the company.   Padden was, however, permitted to use him for driving his car.   Padden testifies "Mr. Horan asked me if I would loan him the car and the chauffeur for the afternoon.   I gave Mr. Horan the privilege of having my car and told the chauffeur to take instructions from Mr. Horan for the afternoon."   These facts are not disputed or controverted in any way.   The sole question presented is whether under the circumstances there can be a recovery against Padden as the owner of the automobile.   Under this state of facts we think the learned judge of the court below ruled properly when he instructed the jury that under the law and the evidence the verdict should be for the defendant.

In the case of Scheel v. Shaw, 252 Pa. 451, we held that it was only not necessary for the plaintiff to prove the defendant was the owner of the car and the driver was his servant but also that such servant was at the time engaged in the master's business.   There can be no question that at the time the automobile was being operated along this highway it was, temporarily at least, a car under the control and dominion of Horan and not of the owner.   It was being used for the purpose of Horan and under the testimony he was in full charge not only of the car but of the chauffeur.   Our other cases are all in accord with this ruling.

One other question requires some discussion.   The defendant was called by the plaintiff on cross-examination under the provisions of the Act of May 23, 1887, P. L.

158.  He testified to the facts as stated above.  The learned counsel for the appellant argues that they were not concluded by this testimony but can select only so much of it as is favorable to the cause of the plaintiff and reject what supports the defense.  The language of the act is that "in any civil proceeding a party to the record may be compelled by the adverse party to testify as if under cross-examination and the adverse party calling such witnesses shall not be concluded by his testimony."  We think the learned counsel for the appellant has misconceived the use of the word "concluded."  The plaintiff was not concluded by the testimony of the defendant in this case but was at liberty to call witnesses to impeach his testimony and to show, if possible, that his statements were not true.  This the appellant did not do.  He cannot, therefore, reject any portion of the defendant's testimony thus called when it does not support his own contention.  Since the passage of the Act of 1887 there has been no precise ruling by this court on this subject but it is the well-settled practice in many of the lower courts and we deem it proper at this time to say that this practice meets our approval.

The other assignments do not require discussion and the judgment is, therefore, affirmed.