# Krewson, Executrix, Appellant, *v.* Sawyer et al., Executors.

*Account render—Act of October 13, 1840—Jury trial.*

1. Under the Act of October 13, 1840 (P. L. 1841, page 7), the plaintiff in account render may try the case before a jury, instead of taking a judgment quod computet.

*Evidence—Witness—Cross-examination—Right of party calling witness to contradict or qualify testimony.*

2. When a witness is called as under cross-examination his testimony may be contradicted or qualified by the party calling him, otherwise it must be taken as true.

*Contract—Agreement to distribute fund to creditors—Death of debtor—Personal representatives—Distribution by orphans' court.*

3. Where by an agreement a fund is to be distributed to creditors named or ascertainable, the subsequent death of the debtor will not necessitate the payment of the fund to his personal representatives for distribution under the orders of the orphans' court.

*Account render—Parties—Agreement.*

4. Not decided whether an action of account render will lie by one party to an agreement against the other, if others who are interested in the fund to be raised under the agreement, are not made parties to the suit.


Argued January 6, 1920. Appeal, No. 20, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1917, No. 4794, on verdict for defendant in the case of Mary H. W. Krewson, Executrix of the last Will and Testament of Edward F. Krewson, deceased, v. Helen I. Sawyer, Charles E. Kremer and Francis M. Sawyer, Executors of Theodore E. Kremer, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.


Action of account render. Before DAVIS, J.

The trial court gave binding instructions for the defendant. Verdict and judgment for defendant. Plaintiff appealed.


*Errors assigned* were directing a verdict for defendant, refusal of new trial, and judgment of the court.


*John Weaver,* for appellant.—Account render lies wherever it appears that defendant has received or has been intrusted with money or property for the use of plaintiff: Bredin v. Dwen, 2 Watts 95; Bredin v. King-

land, 4 Watts 420; Dennison v. Goehring, 7 Pa. 175; Conklin v. Bush, 8 Pa. 514; McLean's Exrs. v. Wade, 53 Pa. 146; Kelley v. Kelley, 13 Phila. 179.

*Walter L. Sheppard* and *William W. Porter,* for appellees, were not heard.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1920:

Plaintiff, as executrix of the last will and testament of Edward F. Krewson, deceased, brought this action of account render against the defendant, Theodore E. Kremer (who has since died, and whose executors are now appellees), averring in her statement of claim that her deceased husband had conveyed to defendant certain properties in the City of Philadelphia on a written trust, by which he was given power to lease, mortgage or sell them, agreed to advance money to the grantor for his support and maintenance, and to pay the carrying charges of the properties and "any and all sums of money now due and owing" by the grantor "to any person or persons whatsoever"; and, upon a sale thereof being made, after deducting from the proceeds the foregoing items, together with interest on the moneys paid by him, to pay the balance to the grantor. She further averred the properties had been sold, but defendant had not complied with his agreement, and hence claimed an accounting and damages.

The affidavit of defense admitted the conveyance, the declaration of trust and the sale of the properties; averred a full accounting had been made to and with the grantor up to January 1, 1913; set forth a statement of account since that date, showing a balance of $2,639.48 in the hands of defendant; alleged the indebtedness of the grantor existing at the time of the conveyance and still unpaid amounted to $6,354.34, and for that reason plaintiff, as executrix, had no claim upon said balance.

Plaintiff joined issue on these averments; and, at the trial, instead of taking a judgment quod computet, elect-

ed under section 18 of the Act of October 13, 1840 (P. L. 1841, page 7), to try the case before a jury. Defendant, who was called by plaintiff as under cross-examination, testified that the account up to January 1, 1913, had been approved by plaintiff's decedent, and vouched each of the items in the supplemental account attached to the affidavit of defense, with only a few slight changes in amount. Plaintiff also claimed defendant had taken a little too much interest when he repaid himself for his advances, and was chargeable with interest on the trust funds because he had deposited them in his own bank account. Neither plaintiff's other evidence, nor that produced by defendant, in any manner qualified the testimony above outlined, which must, therefore, be taken as true: Dunmore v. Padden, 262 Pa. 436. It thus appearing that the balance shown by the account, and the total of the above mentioned surcharges, were together much less than the amounts still due to the creditors entitled to share in the fund, the trial judge directed a verdict for defendant, and judgment having been entered thereon plaintiff now appeals.

The assignments of error raise no question touching the evidence, and the conclusion reached by the court below must therefore be sustained, unless plaintiff, as executrix, is entitled to have the balance in defendant's hands paid to her for distribution under a decree of the orphans' court. This is the claim now made. We cannot so hold, however, for the declaration of trust provides that when the properties are sold, the creditors existing at the time of the conveyance to defendant are to be paid by him and not by the grantor, who is to receive only the balance remaining "after deducting all the charges as above set forth"; and plaintiff's rights, as executrix, can rise no higher than those of her decedent.

We do not decide whether or not an action of account render will lie in a case like the present, because that question is not, and indeed could not be, raised by ap-

pellant; but only, assuming it will lie, that her proofs show she is not entitled, as executrix, to any portion of the funds which she says are or should be in the hands of defendant.

The judgment of the court below is affirmed.