# Walkinshaw Estate.

*Deed—Recording—Presumption of validity—Evidence—Burden of proof.*

1. The execution and recording of a deed of real estate raises a presumption in favor of its validity, and one who asserts the contrary has the burden of proving it.

*Practice, O. C.—Issue to common pleas—Evidence—Act of June 7, 1917, P. L. 363.*

2. Under section 21(a) of the Act of June 7, 1917, P. L. 363, 382, an issue from the orphans' court to the court of common pleas is not of right; unless evidence is produced showing a controlling disputable question of fact, it will not be awarded.

*Evidence—Adverse party called as witness—Necessity to controvert.*

3. Where a party calls his adversary as a witness, he may contradict the testimony given, but, unless it is controverted, it must be accepted as true.

*Decedents' estates—Deed — Fraud of creditors — Setting aside deed—Orphans' court—Jurisdiction.*

4. The orphans' court has no jurisdiction to set aside a conveyance alleged to have been given by a decedent for the purpose of hindering, delaying or defrauding his creditors.

*Deed—Fraud—Future creditors.*

5. A voluntary conveyance is not fraudulent as to future creditors, unless shown to have been made for the purpose of withdrawing the grantor's property from the reach of such creditors.

6. Cutler's Estate, 225 Pa. 167, explained.

Argued September 26, 1922. Appeals, Nos. 46, 47, 89, Oct. T., 1922, by Myrtle W. Shupe, Lewis C. Walkinshaw and Alfred T. Smith, cashier of Peoples National Bank of Jeannette, from decree of O. C. Westmoreland Co., May T., 1921, No. 131, dismissing exceptions to adjudication, in estate of Hugh W. Walkinshaw, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before BEACOM, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Myrtle W. Shupe and Lewis C. Walkinshaw, children of deceased, and Alfred T. Smith, cashier of Peoples National Bank, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Lewis C. Walkinshaw,* with him *J. R. Smith, Vincent R. Smith* and *Clifford M. Smith,* for appellant.—The orphans' court has exclusive jurisdiction of settlement and distribution of estates, including the claims of creditors, legatees and the next of kin: Marsteller's Est., 76 Pa. Superior Ct. 377; Fink's Est., 77 Pa. Superior Ct. 267.

The statute of 13 Elizabeth would apply to this case: Heath v. Page, 63 Pa. 108; Bouslough v. Bouslough, 68 Pa. 495; Shakely v. Guthrie, 2 Pa. Superior Ct. 414; Downing v. Gault, 8 Pa. Superior Ct. 52; Chisolm v. Moore, 49 Pa. Superior Ct. 132.

An issue should have been awarded: Cutler's Est., 225 Pa. 167.

*Paul J. Abraham,* with him *Adam M. Wyant,* for appellee.—The executor's testimony was not contradicted, or qualified by any witness and appellants are bound thereby: Croushore's Est., 77 Pa. Superior Ct. 340; Krewson v. Sawyer, 266 Pa. 284.

The orphans' court had no jurisdiction: Cutler's App., 225 Pa. 167.

Smith has no standing in this case: Watson v. Willard, 9 Pa. 89.

An issue was properly refused: Paxson's Est., 225 Pa. 204; Schnepf's Est., 48 Pa. Superior Ct. 580.

OPINION BY MR. JUSTICE SIMPSON, October 20, 1922:

On December 28, 1915, testator conveyed a small tract of land to his son, D. R. Walkinshaw, appellee in these cases, for a stated consideration of $2,000. The deed was duly executed and recorded. On June 20, 1920, the father died testate, leaving to survive him a widow and three children, one of whom is appellee (also made executor), and the other two are appellants: the will directed his residuary estate to "be divided under the intestate laws." On August 16, 1920, appellee sold a portion of the land conveyed to him, the vendee admittedly being an innocent purchaser for value.

The other children filed exceptions to appellee's account as executor, claiming he gave no consideration for the conveyance to him; that he held the property for the use and benefit of testator; and, since all claim against it was gone because it then belonged to an innocent purchaser for value, accountant should be surcharged with the amount he had received for it. Testator's creditors did not except to the account.

At the audit, accountant was called as a witness by exceptants; he testified he paid to testator the $2,000 consideration specified in the deed, and added that he "also agreed to take care of his [testator's] widow in case of any misfortune to him. I have been doing it and will continue to do it." When confronted with a letter

written by him to his brother (in which he said, "I have always felt that I never had anything but a courtesy in that real estate. Father never owed me anything. I ever owed him. He surely had a right to do as he pleased with his own,") he explained that by "courtesy" he meant his "interest......would be greater than any other relation, on account of my blood relation......I do not mean that I used that term with the idea that I am holding the real estate in trust, it was an absolute, unequivocal sale, except for the verbal agreement I have recited." No other witness was called, this testimony was not qualified in any way, and no request was made for an issue. It appeared also that, after the conveyance of the land to appellee, judgments were recovered against testator and at the audit his estate was insolvent; it was therefore claimed that the conveyance was in fraud of creditors. It was further alleged that testator was not mentally competent to make a gift to accountant at the time the deed was executed, but of this no evidence was produced.

The court below, relying upon Cutler's Est., 225 Pa. 167, dismissed the claim to surcharge, because testator's signature to the deed was admitted and accountant claimed the property as his own. To that adjudication the two children and certain creditors excepted, but Alfred T. Smith, cashier, the other appellant, did not. It was alleged in the exceptions that the court below "had jurisdiction to determine in limine the question as to whether the said executor, D. R. Walkinshaw, held the [proceeds of sale]......as a part of the estate of said decedent"; and it was also claimed, for the first time, that "if the court was of opinion that a substantial dispute did exist, it was then its duty to direct an issue into the court of common pleas under the Act of June 7, 1917, P. L. 363, section 21 (a), and it erred in not so doing."

The court below dismissed the exceptions, stating, inter alia, "If the heirs desire the court to direct an issue to the court of common pleas, that can be done.

Thus far, however, I have seen no indication that such an issue is desired by the heirs and do not think it expedient to direct an issue unless satisfied that the parties interested desire it." Even after this it was not requested. As to the creditors who excepted, he said that if, as they claimed, the deed was in fraud of their rights, it was nevertheless good as against the fraudulent grantor; hence neither the land nor its proceeds were a part of his estate, and the orphans' court had no jurisdiction to decide the question. From the decree of distribution which followed, the excepting creditors did not appeal; but each of the two children, and Alfred T. Smith, cashier, did: these are the three appeals now under consideration. The controlling principles are so well settled, however, that but little further need be said in support of the decree.

The execution and recording of the deed to appellee raised a presumption in his favor, the burden of disproving which was upon appellants, who alleged its invalidity: Lewis v. Merryman, 271 Pa. 255.

It has long been held that an issue will not be awarded unless evidence is produced raising a controlling disputable question of fact. This is especially so under section 21 (a) of the Act of June 7, 1917, P. L. 363, 382, relied upon by appellants, for it provides that "The orphans' court *shall have power to send* an issue to the court of common pleas of the same county, for the trial of facts by jury, *whenever they shall deem it expedient so to do."* Appellants are in error in supposing that Cutler's Est., 225 Pa. 167, decides this point in their favor. We held that the court below was in duty bound to award an issue in that case, because it had already "determined that a substantial dispute existed as to the ownership of the securities." Here, the evidence does not disclose a "substantial dispute." True, appellee was the only witness, but he was called by appellants, and, since no one controverted his testimony, it must be accepted as true: Krewson v. Sawyer, 266 Pa. 284. His

letter, above quoted, while suggesting a suspicion regarding his title, does not in itself, nor when considered in the light of his testimony, show anything from which a jury could properly infer a trust for testator or his estate.

It is clear the orphans' court has no jurisdiction to set aside a conveyance alleged to have been made to hinder, delay or defraud creditors; the basic reason being that the contest in such a case is solely between the alleged fraudulent grantee and the creditors intended to be defrauded. Testator's estate is not in either class. It may be well to point out, however, that, so far as this record discloses, the only creditor who has appealed could not sustain his claim in any court, for the liability to him was not shown to have arisen until over four years after the grant to appellee. "The statute of 13th Elizabeth does not make a voluntary conveyance void as to future creditors......unless there is evidence to indicate that the grantor intended to withdraw his property from the reach of such creditors. A subsequent creditor can only avail himself of a fraud which is practiced against him": Harlan v. Maglaughlin, 90 Pa. 293. Here there is not even a pretence of such proof.

The decree of the court below is affirmed and each appeal is dismissed at the cost of the appellant therein.