# Bean, Appellant, v. Philadelphia.

*Negligence—Municipality — Defective pavement — Cartway — Pedestrian—Contributory negligence—Nonsuit.*

A pedestrian cannot recover from a city for injuries caused by stumbling over a projecting stone in a cartway of a street, where it appears that he could have distinctly seen the condition of the stone if he had looked.

Argued January 11, 1924. Appeal, No. 116, Jan. T., 1924, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1921, No. 2783, refusing to take off nonsuit, in case of Manassa Bean v. City of Philadelphia. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Wm. O. Armstrong,* with him *Bernard J. O'Connell,* for appellant.

*Harry S. Platowsky,* Assistant City Solicitor, and *Joseph P. Gaffney,* City Solicitor, for appellee, were not heard.

PER CURIAM, February 4, 1924:

This is an appeal from the refusal to remove a nonsuit.

Plaintiff was a conductor on a trolley car running south on Fourth Street, Philadelphia, crossing Willow Street. On the latter street there are steam railroad tracks, and it was the duty of plaintiff, whenever his car was about to cross these tracks, to go on the railroad right-of-way to see if there were any trains approaching. On the day of the accident, January 19, 1921, at 5 p. m., when it was "neither light nor dark, about dusk," plaintiff's car came to a stop some eight feet north of the Willow Street tracks; plaintiff left the car on the right-hand side, near the front, and proceeded to walk south on the street-way, for the purpose of looking up and down the railroad tracks. Willow Street had been in "bad condition" for several weeks, in the sense that its pavement, of Belgian blocks, was uneven. Plaintiff stubbed his toe against a block which projected about three inches above the surface of the pavement, and was thrown to the ground.

He was thoroughly familiar with the general condition of the roadway and said, that, at the time of the accident, he "saw the depressions and raised blocks"; though he claimed not to have observed the particular one over which he fell, saying, "I never took notice of that point sticking up till I fell over it." He failed to say, however, it was not light enough to see it, or that any obstruction was in the way of his vision, and the motorman of the car, who appeared as plaintiff's witness, testified that, when eight feet away, he "distinctly saw

[plaintiff's] toe come in contact with the high end of the stone, causing him to fall." Under the circumstances, the court below properly entered a nonsuit.

The order appealed from is affirmed.