## Stroh, Appellant, *v.* Holmes.

*Trials—Evidence—Receipts—Oral testimony — Calling adverse party on cross-examination—Failure to contradict.*

On a framed issue to determine whether the defendant had paid a certain sum on account of the principal, due from him to the plaintiff on a bond and mortgage, where the fact of payment is evidenced by a receipt signed by the plaintiff, corroborated by oral testimony given by the defendant when called upon by plaintiff on cross-examination, judgment is properly entered in favor of the defendant.

While a receipt is not conclusive evidence and is open to explanation, in the absence of such explanation it is always prima facie evidence of the payment admitted. It is the written agreement of the payee that he received from the payer the amount therein set forth, and as such agreement, it stands in the same class as other

Syllabus—Opinion of the Court. [83 Pa. Superior Ct.

instruments in writing which express the agreement of contracting parties. Unless fraud, accident or other weighty reason is made to appear, the law gives to such a document the effect to which its purport entitles it, and the evidence to avoid its effect must be clear and direct.

*Trials—Calling adversary on cross-examination—Conclusiveness of testimony.*

A party calling his adversary to testify as if on cross-examination is not concluded by such testimony, but unless it is impeached by relevant and competent contradiction or qualification, it stands as the evidence of the party calling the witness.

Argued March 4, 1924. Appeal, No. 31, Feb. T., 1924, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1919, No. 678, in favor of defendant on the whole record, in the case of S. D. Stroh, trustee, now to the use of Flossie J. Bennetto et al., v. Wheeler H. Holmes. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Framed issue to determine payment of judgment on bond. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

The case went to trial, was submitted to the jury, and the jury having disagreed, on motion of plaintiff's counsel, the court entered judgment in favor of defendant on the whole record. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*H. J. Mahon,* and with him *B. B. Lewis,* for appellants.

*Richard B. Sheridan,* and with him *W. L. Pace,* for appellee.

OPINION BY HENDERSON, J., April 21, 1924:

The pending question arose on a rule taken by the defendant for judgment in favor of the defendant on the

whole record after a trial in which the jury failed to agree. The defendant borrowed from S. D. Stroh, trustee, $5,500 on March 25, 1914; to secure the payment of which he gave to the lender a bond and mortgage. Stroh died on September 12, 1918. Sometime thereafter the use-plaintiffs, in whose behalf Stroh held the fund, caused judgment to be entered on the bond; thereupon the defendant presented a petition to have the judgment opened in order that he might defend to the amount of $2,000 which sum he alleged was paid. After the rule was granted and before it was made absolute, the defendant paid all of the amount due on the judgment except the $2,000 in question. The rule was then made absolute and the case came to trial on the allegation of payment. The evidence of payment was a receipt signed by Stroh, trustee, and the testimony of the mortgagor who was called by the plaintiffs to testify as if on cross-examination. The genuineness of the signature of the mortgagee on the receipt was shown by the testimony of a number of witnesses, and the defendant, when called by the plaintiffs, testified positively to the payment of the amount named in the receipt. The reply to the defendant's case was not that the signature to the receipt was not genuine, but that the money had not been paid to the mortgagee. This was attempted to be done by evidence that the mortgagee's bank account did not show a concurrent deposit of a like amount or a sum near that amount, and that the defendant according to his statement of the transaction paid the amount in money rather than by check. There was an exhaustive examination of the defendant by the plaintiffs' counsel in an effort to show that he did not have the amount of money alleged to be paid at the date the receipt was given. The learned trial judge in disposing of the rule for judgment held that the receipt had not been impeached and that the testimony of the defendant when called by the plaintiffs had not been controverted, and that therefore the defendant was entitled to judgment on the issue. It is now

contended by the appellant that the testimony raised an issue of fact which should be submitted to a jury. It is evident that on the receipt and the testimony of the defendant, the latter was entitled to a verdict unless competent countervailing evidence was introduced from which the jury could reasonably find the fact at issue in favor of the plaintiffs. The receipt could not be lightly disregarded. While a receipt is not conclusive evidence and is open to explanation, in the absence of such explanation it is always prima facie evidence of the payment admitted. It is the written agreement of the maker that he received from the payer the amount therein set forth, and as such agreement it stands in the same class as other instruments in writing which express the agreement of contracting parties. Unless fraud, accident or mistake or other weighty reason is made to appear, the law gives to such a document the effect to which its purport entitles it, and the evidence to avoid its effect must be clear and direct: Rhoads's Est., 189 Pa. 460; Paige v. Paige, 53 Pa. Superior Ct. 311. The evidence introduced comes.far short of showing a state of facts which would justify the jury in disregarding the receipt. The effort was apparently to show a fraud on the part of the defendant in procuring a receipt for a larger amount of money than was actually paid. With respect to a charge of fraud great latitude is allowed. Every act and declaration of the party charged with the fraud, and the circumstances of the transaction are competent, if in the opinion of the trial court they bear such relation to the transaction under investigation as in its nature is calculated to persuade the reasonable men in the jury box to the belief that the allegation of fraud is or is not well founded. The trial judge must determine the moral quality of the evidence. It is for him to determine its fitness to lead the minds of the jurors to a just conclusion on the subject of the inquiry: Stauffer v. Young, 39 Pa. 455. The application of this principle gives the presumption to the defendant on the receipt presented.

It was the proper inquiry of the court therefore whether there was evidence from which the jury might sweep aside that document. Careful consideration of all of the evidence satisfies us that the court reached a proper conclusion on that point. The defendant was in no way responsible for the manner in which the mortgagee kept his money or his accounts; nor was it in any degree an impeachment of the receipt that the payment purporting to be made was so made in cash rather than by check; nor was it legally important that the defendant kept a part or all of the money so paid in his store rather than in a bank. Conceding that his method of business was not that which would be adopted by business men generally, he had a right to have his own method. It appears without contradiction that he was a man of means—his income from rent was $3,000 or more a year; he had a deposit of several hundred dollars in a bank and was engaged in some kind of mercantile business from which he derived an income. It was not improbable therefore that he had within his control the sum named in the receipt. Fraud is not to be established by imagination or suspicion; to have the effect to set aside a contract in writing, it must rest on probative facts.

The appellants made the defendant their witness and thus by his testimony corroborated the receipt as evidence of the payment of the money. His testimony must be taken as true for we do not find in the case any evidence which contradicts or qualifies it. It is suggested in the argument of the appellant that the witness, Arthur Luce, the husband of one of the use-plaintiffs, testified that in his opinion the signature on the receipt was not in the writing of Stroh, but an examination of the testimony of that witness makes it clear that his opinion was based on the fact that he did not see the signature written. The following is an excerpt from his testimony: "Q. Well, will you say that it isn't (his signature)? Will you say that that isn't his signature? A. I couldn't say it wasn't. I didn't see him write it. Q. Well, now,

if you now say that you couldn't say whether that was his signature, then you changed your mind since the time you said it wasn't his signature, didn't you? A. Well, I said it wasn't because I didn't see him write it. Q. Oh, is that the reason you said it? Is that the only reason? A. I couldn't say for sure." Moreover, the case was tried by the plaintiffs not on the theory that the signature to the receipt was not genuine, but on the contention that the money had not been actually paid to Stroh by Holmes. This is apparent from the language of the learned counsel for the appellant on this subject in the brief: "We felt that attacking this signature would only confuse the jury as to the real issue involved, which was not whether the signature to the receipt was genuine; but whether Holmes had actually paid the money due on the bond and judgment in this case." It is of course true that a party calling his adversary to testify as if on cross-examination is not concluded by such testimony, but unless it is impeached by relevant and competent contradiction or qualification, it stands as the evidence of the party calling the witness. This is the doctrine of Dunmore v. Padden, 262 Pa. 436; of Krewson v. Sawyer, 266 Pa. 284; and of Young v. Hipple, 273 Pa. 439. At the close of the trial the plaintiffs had failed to introduce evidence to avoid the otherwise conclusive effect of the proofs for the defendant and judgment was therefore properly entered on that state of the record. None of the cases cited by the learned counsel for the appellant are in contradiction of the foregoing views. It is not necessary to discuss them further than to say that they are cases in which there was evidence on which a jury might logically base a verdict.

The judgment is affirmed.