## Hellam Furniture Co., Inc. *v.* Strassman, Appellant.

*Contracts—Contracts of employment—Commissions—Counter-claim for—Evidence—Sufficiency.*

In an action of assumpsit the defendant counter-claimed for commissions alleged to be due on sales made by the plaintiff in a certain territory, alleging that he was employed as the plaintiff's exclusive agent in that district and that he was to receive a commission on all sales in the said territory, whether made by him or anyone else. Defendant, in order to prove his case, called, as under cross examination, an agent of the plaintiff, who not only denied the employment of the defendant, but testified that he did not have authority to make contracts of employment.

Under such circumstances, no evidence having been produced by the defendant to impeach the testimony of plaintiff's agent, the defendant was bound by the evidence of the agent respecting his lack of authority.

The fact that a manufacturing corporation sends one salesman into a certain district does not make his employment exclusive or, in the absence of express agreement to that effect, entitle him to a commission on all sales within the territory, whether made by him or not. Such an agreement, to bind the employer, must be made by someone authorized to act on its behalf in that respect.

Argued October 14, 1925. Appeal No. 136, October T., 1925, by defendant, from judgment of C. P. No. 1, Philadelphia County, December T., 1923, No. 8664, in the case of Hellam Furniture Company, Inc.,

a corporation, v. Samuel Strassman.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for merchandise sold and delivered. Before BARTLETT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the charge of the court.

*Herman J. Tahl,* for appellant.

*Charles Edwin Fox,* and with him *Jerome J. Rothschild* and *James J. O'Brien,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

The plaintiff's claim in assumpsit was not contested. The trial in the court below was confined to the defendant's counterclaim.   He claimed to have been employed by the plaintiff corporation for the year 1923 as its exclusive salesman for the territory of Eastern. Pennsylvania, (including the City of Philadelphia), Baltimore, Washington and Southern New Jersey, and was to receive seven per cent commission on all sales in said territory whether made by him or any one else. He admitted having been fully compensated for all orders taken by him in 1922 but claimed commissions on all sales made in that territory during the year 1923, though not working for the Company.

The trouble with his case is that he failed to prove a valid contract of employment made by a duly authorized agent of the plaintiff.

Defendant's own testimony was most indefinite and except as helped out by his counsel's leading questions,

wholly insufficient to establish the contract of exclusive employment on which he relied for his counterclaim. The fact that a manufacturing corporation sends but one salesman into a certain district does not make his employment exclusive, or in the absence of express agreement to that effect, entitle him to a commission on all sales within that territory whether made by him or not. And such an agreement, to bind the employer, must be made by someone authorized to act on its behalf in that respect.

Defendant averred that his alleged contract had been made orally with one Gohn, secretary and treasurer of the plaintiff corporation; and to show the latter's authority to bind the plaintiff, called him to testify as under cross-examination. On such examination Gohn not only denied having made the contract but stated that he had no authority to do so, that he was not in charge of the management or sales of the corporation, did not employ the salesmen or any one else but his own office assistants and that such a contract of employment could be made only by the general manager or the executive committee. No evidence was produced by defendant to contradict or impeach this testimony. The rule laid down by the Supreme Court in Dunmore v. Padden, 262 Pa. 436, 439, Krewson v. Sawyer, 266 Pa. 284, 287, and Mathey v. Flory Milling Co., 283 Pa. 331, 337 applies, and defendant was bound by the evidence of Gohn respecting his lack of authority. Defendant's own testimony as to Gohn's position in the company was so vague and uncertain as to amount to nothing, and cannot be considered as a contradiction or impeachment of the latter's evidence.

While the copy of plaintiff's letter to defendant of October 28, 1922 was improperly received in evidence, since there was no competent evidence in the case that it was mailed to or received by defendant [third as-

signment] it does not affect the main point of the case or require a reversal of the judgment. The defendant's counterclaim failed because he failed to show that the contract on which he relied was made by a duly authorized agent of the plaintiff, as averred in his pleading.

The judgment is affirmed.