## Cherry etc. *v.* Union National Bank, Appellant.

*Bankruptcy—Federal act—Unlawful preference—Reasonable cause to believe—Proof—Evidence.*

When a party calls his adversary on cross-examination, and his testimony is not controverted, it must be accepted as true.

In an action of assumpsit brought against a creditor, by a trustee in bankruptcy to set aside a preference under the Federal Bankrupt Act, the burden is on the plaintiff to establish the fact that the creditor had reasonable cause to believe a preference was intended. This burden can only be met by establishing facts which are sufficient to put an ordinarily prudent man upon inquiry. Reasonable cause to believe does not require actual knowledge or actual belief.

In such a case where the circumstances are such as to incite a man of ordinary prudence to inquire, the creditor is chargeable with notice of all facts which a reasonably diligent inquiry would have disclosed.

The debtor's inability to make any payment in cash on his obligations when due, and his offer to assign to the creditors some of his accounts receivable in consideration of an extension of his loans, are not such signs of financial peril of the debtor as require the creditor to inquire whether the debtor was insolvent.

Under the present bankruptcy law, a debtor is insolvent when the aggregate of his property shall not at a fair valuation be sufficient in amount to pay his debts, and not when he is unable to meet his obligations when they mature in the ordinary course of business.

Argued Oct. 15, 1925. Appeal No. 142, Oct. T., 1925, by defendant from judgment of the Court of Common Pleas No. 3, Philadelphia County, June T., 1924, No. 9553, on verdict for plaintiff in the case of Nathan Cherry, Trustee of the estate of Louis Mandel, indi-

vidually, and trading as B. Mandel's Sons, Bankrupt,
v. Union National Bank. Before PORTER, HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit by trustee in bankruptcy to recover
amount of a preference. Before FERGUSON, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $2152.22, and judgment thereon. Defendant appealed.

*Errors assigned* were the refusal of defendant's motion for judgment non obstante veredicto, and for a new trial.

*John Arthur Brown,* and with him, *Henry P. Brown,*
for appellant.

*Bertran K. Wolfe,* and with him *Aarons, Weinstein,
& Goldman,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1925:

Defendant appeals from a judgment on a verdict for
plaintiff in a suit in assumpsit brought against it by a
trustee in bankruptcy to set aside a preference under
the Bankrupt Act, as amended in 1910, Section 60-B.

It was conceded at the trial that on April 29, 1924,
Louis Mandel was insolvent and that on that day three
of his notes, aggregating $6500, fell due at the Union
National Bank, defendant; and that on April 30, 1924,
a petition in bankruptcy was filed against him. To
prove the other facts necessary to make out its case
plaintiff depended wholly upon the testimony of O.
Stuart White, Vice-President of defendant, who testified to the following facts: On April 29, 1924, Mandel
called at the bank of his own accord and requested the
renewal of the notes, which represented loans secured
by Mandel for business purposes. Mr. White told him

that the bank would not renew the notes and stated that they had to be paid. The reason for the refusal of an extension of time for payment was that Mandel had transferred his active account to the Sixth National Bank about three months before, had ceased to deposit in the Union National Bank, and had practically closed his account, his balance then being $100.03. A balance of about that size had been maintained by Mandel since January 30, 1924. Mandel said that he could not make any payment at that time, but offered to assign to the bank some of his accounts receivable, if time for payment of the loans was extended, and promised to pay the balance of the loan in a few days. Whereupon, Mr. White agreed to grant him a temporary extension of time and accepted a demand collateral note for $6500 and took as collateral security accounts receivable of a face value of $2438.28. The understanding was that Mandel would make payments on account from time to time. The court below submitted to the jury the question whether or not, under that evidence, Mr. White had reasonable cause to believe that Mandel was insolvent, and that it was receiving a preference when it took the collateral. The only proposition urged here is that the learned trial judge erred in refusing to hold that there was no evidence from which the jury could be permitted to find that the bank has a reasonable cause to believe that the enforcement of the rights secured by taking the accounts receivable would give it a preference over other creditors.

It is well settled that when plaintiff called Mr. White on cross examination and his testimony was not controverted, it must be accepted as true: Walkinshaw Estate, 275 Pa. 121, 125; Krewson v. Sawyer, 266 Pa. 284; Dunmore v. Padden, 262 Pa. 436.

The burden was on plaintiff to establish the fact that the bank had reasonable cause to believe that a prefer-

ence was intended: Pyle v. Texas Transport and Terminal Co., 230 U. S. 90, 98; Rudisill's Trustee v. Wildasin, 275 Pa. 255. This burden could only be met by establishing facts which are sufficient to put an ordinarily prudent man upon inquiry. Reasonable cause to believe does not require actual knowledge or actual belief: Schuette v. Swank, Receiver, 265 Pa. 576, 582. Where the circumstances are such as to incite a man of ordinary prudence to inquire, the creditor is chargeable with notice of all facts which a reasonably diligent inquiry would have disclosed (Tilt v. Citizens Trust Co., et al., 191 Federal 441), cited with approval in Schuette v. Swank, Receiver, supra. The penalty of such a preference is repayment. There was no conflict in the testimony. The question, therefore, is whether the bank had reasonable cause to believe that it was securing a preference when it took the collateral. After a careful review of the testimony, we are convinced that the legal effect of the evidence is not to establish facts which put the bank on inquiry. From all that appears this was the usual business transaction which occurs where a borrowing depositor of one bank transfers his account to another bank. Under the circumstances, the defendant bank naturally desired the payment of Mandel's obligations. The facts that he had transferred his active account to the Sixth National Bank, and the condition of his deposit account, were a sufficient reason for its demanding payment of the notes or for taking collateral security for the debt when it extended the time for payment. These facts and the additional fact that Mandel said that he could not pay in cash at that time but would pay the balance in a few days were insufficient to cause Mr. White even to suspect Mandel's insolvency. It is not unusual for a merchant who borrows from a bank to be unable to pay any part of his note when it is due. Mandel's inability to make any payment in cash on his

obligations and his offer to assign to the bank some of his accounts receivable in consideration for an extension of his loans were not such signs of the financial peril of the debtor as required the creditor to inquire whether the debtor was insolvent. Under the present bankruptcy law a debtor is insolvent when the aggregate of his property shall not, at a fair valuation, be sufficient in amount to pay his debts, and not when he is unable to meet his obligations when they mature in the ordinary course of business: Schuette v. Swank, Receiver, supra. As already stated, there must be more than mere cause to suspect the insolvency of the debtor. Reasonable cause to believe is the test. Nothing developed at the interview between Mr. White and Mandel on April 29th that indicated the latter's insolvency. With no reasonable ground to believe that Mandel was insolvent, the question of a voidable preference does not arise. · Insolvency is the basis on which a voidable preference rests. We have examined all of the cases relied upon by appellee to sustain the submission of this case to the jury, and find that in none of them was the finding of reasonable ground to believe supported by such slim evidence as that in the case in hand. Upon full consideration, we are constrained to hold that the legal effect of the evidence in this case was not to satisfy the burden which was on plaintiff to prove that defendant had reasonable cause to believe, when it took the collateral security, that it was obtaining a preference to the prejudice of other creditors of an insolvent debtor.

The second assignment of error is sustained, and the judgment is reversed and here entered for defendant.