# Morningstar, Appellant, *v.* North East Pennsylvania R. R. et al.

*Negligence—Automobiles—Grade crossing—Passenger in car—Contributory negligence of passenger—Death of wife and child—Action against driver—Evidence—Nonsuit—Railroads—Look and listen—Evidence—When testimony is binding.*

1. A husband cannot recover damages from the driver of an automobile for the death of his wife killed while a passenger in an automobile at a railroad grade crossing, where it appears that the wife not only failed to give warning when she saw the apparent danger and had opportunity to do so, but encouraged the driver to proceed by advising him the way was clear, when the contrary must have been apparent, had she looked and listened.

2. Nor can the husband recover damages for the death of a child killed in the same accident, where it appears that the child was in the care and custody of the wife at the time.

3. Where the uncontradicted evidence is that the wife was guilty of the negligence as stated, a nonsuit is properly entered.

4. In such case, where plaintiff calls defendant, the driver of the automobile, as a witness, he is bound by his testimony where the material facts testified to by him are not controverted.

Argued April 19, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 188 and 189, Jan. T., 1927, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1924, Nos. 618 and 619, refusing to take off nonsuit, in case of Elmer H. Morningstar v. North East Pennsylvania Railroad Co. and Julius Stein. Affirmed.

Trespass for death of wife and son. Before DAVIS, J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit, quoting record.

*G. C. Ladner,* of *Ladner & Ladner,* for appellant.—
The present case is ruled by Dunmore v. Padden, 262 Pa.
436; Burke v. Kennedy, 286 Pa. 344.

Plaintiff is entitled to have the merits of his action
passed upon by a jury on the death presumption of due
care on the part of his decedent: Lotz v. R. R., 247 Pa.
206; Davis v. Ice Co., 285 Pa. 177; Loughrey v. R. R.,
284 Pa. 267; Kelly v. R. R., 274 Pa. 470; Shaughnessy
v. R. R., 274 Pa. 413; Sorenson v. Quaker City Co., 284
Pa. 209; Vocca v. R. R., 259 Pa. 42.

*Fletcher W. Stites,* with him *Harry S. Ambler, Jr.,*
for appellee.—The court below is fully supported in its
ruling by a continuous line of decisions bearing upon the
subject: Martin v. R. R., 265 Pa. 282; Renner v. Tone,
273 Pa. 10; Eline v. Ry., 262 Pa. 33; Dunlap v. Transit
Co., 248 Pa. 130; Azinger v. R. R., 262 Pa. 242.

In Dunmore v. Padden, 262 Pa. 436, 438, it was held
that one who calls the adverse party to testify as if under
cross-examination under the provisions of the Act of
May 23, 1887, P. L. 158, although not concluded by the
testimony, in the sense that he cannot call witnesses to
contradict it, cannot select so much of the testimony as
is favorable and reject that which is unfavorable, when
he has not attempted to contradict the unfavorable tes-
timony by other witnesses: Mathey v. Milling Co., 283
Pa. 331; Krewson v. Sawyer, 266 Pa. 284; Young v.
Hipple, 273 Pa. 439; Stroh v. Holmes, 83 Pa. Superior
Ct. 129; Cherry v. Bank, 87 Pa. Superior Ct. 114.

The contributory negligence of the mother barred the
recovery for the death of the child: Darbrinsky v.
Penna. Co., 248 Pa. 503.

Opinion by Mr. Justice Sadler, May 9, 1927:

The plaintiff, Morningstar, brought two actions to re-
cover damages for the death, on July 27, 1924, of his
wife and minor son, the result of a grade crossing acci-
dent. Stein, a brother of the deceased woman, was driv-

ing an automobile on Moreland Road, and she occupied
the seat beside him on the right or southern side, and in
the rear was the Morningstar boy with Mrs. Stein and
her child. All had been visitors at Willow Grove Park,
and were preparing to return to their homes in Phila-
delphia. The highway, on which they were traveling,
ran from west.to east, and crossed at right-angles the
tracks of the North East Pennsylvania Railroad, named
in these proceedings as a defendant with Stein, the
driver. No attempt was made to stop the car as the
latter came towards the crossing. It was moving at
from ten to twenty-five miles an hour, and the road in
front was unobstructed, except for another vehicle
standing at the west side of the truck. Stein asked his
sister, sitting in front with him, to look to the south for
possible trains, while he made observations to the north.
When within twenty-five feet of the first of two lines of
rails, she advised the driver that the way was clear and
he could proceed. As there was no danger apparent
from his side, he advanced without stopping, and was
struck when the auto entered on the second track. Stein
was injured, and the four passengers killed. A nonsuit
was entered as to the railroad company, since the evi-
dence disclosed it was without negligence. The bell was
ringing at the crossing, and the only positive evidence
shows the whistle was blown three times when the train
approached from the south. The physical facts also
showed contributory negligence on the part of Stein in
failing to stop, look and listen, and it was apparent that
he must have seen the train had he looked.

No complaint is here made as to the dismissal of the
action against the railroad, but it is claimed that the
second defendant, the driver of the car, failed to exer-
cise due care, and is responsible in damages for the loss
occasioned by the death of the wife and son of the plain-
tiff. On the other hand, it is insisted that the deceased
woman joined in testing the danger, and, therefore, no
recovery can be had for the injury to her, and the court

below so held. If this conclusion, that the evidence showed lack of proper caution by her, was justified, then the case was properly withdrawn from the jury, and it follows the same result must be reached in the action for the death of the child, who at the time was in her care and custody: Darbrinsky v. Penna. Co., 248 Pa. 503; Rapport v. Pittsburgh Rys. Co., 247 Pa. 347. The appeals in both cases were heard together, and can be jointly disposed of.

Mrs. Morningstar, a guest, is not to be charged with the negligence of the driver, and if the harm arose solely from his improper conduct, a verdict for plaintiff would be sustained. It was, however, the duty of the passenger to use ordinary care to protect herself, and warn of danger which was apparent. If she knowingly and without protest, having the opportunity to give warning, suffered Stein to drive on the crossing without stopping, looking and listening, she was negligent (Martin v. P. R. R. Co., 265 Pa. 282; Dunlap v. P. R. T. Co., 248 Pa. 130; Kirschbaum v. P. R. T. Co., 73 Pa. Superior Ct. 536), and there can be no recovery for her loss. Likewise, the guest is held responsible when he permits the driver to travel at an excessive speed (Wagenbauer v. Schwinn, 285 Pa. 128), or upon the wrong side of the road: Renner v. Tone, 273 Pa. 10. The conduct shown in the present case is even more blamable as Mrs. Morningstar not only failed to object, when such course was possible, but by directions given encouraged the driver to proceed by advising that his way was open and he should go on.

The conduct of deceased, at the time of the accident, may be such as to justify holding her guilty of contributory negligence as a matter of law (Davis v. American Ice Co., 285 Pa. 177), and it will be so declared where the uncontradicted evidence shows the lack of care which an ordinarily prudent person exercises under similar circumstances: Martin v. P. R. R. Co., supra; Dunlap v. P. R. T. Co., supra. In the present case the material facts, as developed by the plaintiff's testimony,

were not in dispute, and it was the duty of the court to pass upon the legal effect of the proof offered: Davis v. Wilkes-Barre, 286 Pa. 488; Bean v. Phila., 279 Pa. 289. Nor is this rule made inapplicable here because a presumption arose that the one killed used due caution, for such inference was negatived by the testimony of defendant, called by plaintiff on cross-examination (Felski v. Zeidman, 281 Pa. 419), and the physical facts established: Grimes v. P. R. R. Co., 289 Pa. 320.

When the case was closed, the court had before it the undisputed fact that the car approached the crossing at right-angles at a speed of from ten to twenty-five miles an hour. The driver was aware that the tracks were in front of him, and asked Mrs. Morningstar to watch for trains coming from the south. When twenty-five feet from the first rail, she advised that the way was clear, and it was safe to proceed. At that point there was an unobstructed view in the direction from which the train came of 150 feet, and when the first rail was reached the line of vision expanded to half a mile. The bell was ringing in front, within a few feet, and the engine whistle had blown three times. No attempt was made by the driver to stop, nor by the guest to have him do so; on the contrary, she told him there was no danger from the direction in which the train was moving, when the ordinary exercise of her senses must have shown this to be untrue. The car was struck after it entered the second track, and the only conclusion fairly to be reached is that there was an unsuccessful attempt to cross in front of the visible oncoming engine, and that the passenger joined in the dangerous proceeding undertaken with the fatal results noted. The facts as narrated are uncontradicted, and come from two witnesses to the accident called by plaintiff, Cross, who saw the accident from his home near by, and Stein.

The latter was called on cross-examination, and it is from him we have the information that deceased was acting as observer for trains to the south, and stating the

way was open, causing the driver to go forward. It is insisted that plaintiff is not bound by his testimony as a whole, and that the evidence referred to must be disregarded. With this proposition we cannot agree. In Dunmore v. Padden, 262 Pa. 436, 439, the effect of evidence given by a defendant, called by his adversary, is considered, and it is there said: "The learned counsel for the appellant argues that they were not concluded by this testimony but can select only so much of it as is favorable to the cause of the plaintiff and reject what supports the defense......The plaintiff was not concluded by the testimony of the defendant in this case but was at liberty to call witnesses to impeach his testimony and to show, if possible, that his statements were not true," otherwise he was bound thereby. The rule thus laid down has been consistently followed in our subsequent cases: Krewson v. Sawyer, 266 Pa. 284; Young v. Hipple, 273 Pa. 439; Mathey v. Flory Milling Co., 283 Pa. 331; Stroh v. Holmes, 83 Pa. Superior Ct. 129; Cherry v. Union National Bank, 87 Pa. Superior Ct. 114. The Evidence Act of 1887 (May 23d, P. L. 158) distinctly provides that the plaintiff shall not be precluded from showing the untruth of what has been said by calling his opponent, but he cannot select a portion which is favorable, and ask that the balance be disregarded. There may be contradiction, though the witness is called on cross-examination, but, to be effective, it must have more probative force than to raise a mere doubt of the accuracy of the statement elicited: Walkinshaw's Est., 275 Pa. 121. The one offering the witness is, in the absence of opposing proof, concluded by the testimony given (Goehring v. McDiarmid, 289 Pa. 193), and such evidence may be sufficient in itself to overcome a presumption of the existence of a fact indicating the contrary: Felski v. Zeidman, supra.

Burke v. Kennedy, 286 Pa. 344, relied on by appellant, does not modify the rule as stated. It was there said that the defendant, testifying on cross-examination,

could be contradicted by proof of declarations or facts which showed the material matters to be otherwise than as represented. In that case, the defendant was called to show the receipt by her, from one deceased, of certain money unaccounted for. She admitted it was placed in her possession, but claimed cash to a like amount had been turned over to the decedent while the latter was near death in a hospital, and placed under the covers of her bed. It was proved by the nurses present that there was no roll of bills found, as described, though they were in constant attendance, and the bed was remade twice each day. Further, it was shown the defendant persisted in her denial that she had received any sum, until confronted with proof and threatened with criminal prosecution. All of the material statements of the witness, in the case referred to, were contradicted by other competent evidence, consisting of her own admissions, or proof of acts inconsistent with her claim, and it was held the jury was not bound to accept the incredible story told.

In the present case, Morningstar was not concluded by the testimony of Stein, but had the right to contradict the one whom he had made his own witness. Testimony was offered to show Stein misstated the speed of the car, also the fact that no other vehicle was upon the road at the crossing when he approached, and that he had refused to talk with plaintiff after the accident. There was no controverting of the material facts, necessary to the determination of this case, and, as to such, plaintiff was bound by the testimony of defendant, called by him. If this be so, then the deceased wife not only failed to give warning when she saw the apparent danger and had opportunity to do so, but encouraged the driver to proceed by advising him the way was clear, when the contrary must have been apparent, had she looked or listened. Under the testimony, a nonsuit was properly entered.

The assignments of error are overruled and the judgments in both cases are affirmed.