Sebastianelli *v.* Frank et ux., Appellants.

Argued March 7, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*D. H. Jenkins,* for appellants.

*J. Harry Morosini,* for appellee.

Opinion by Keller, J., April 17, 1933:

This appeal is from an order refusing to open a judgment confessed by virtue of a warrant of attorney contained in a bailment lease.

The bailment lease covered a radio cabinet. It authorized a confession of judgment for the entire rental charge in case the bailee failed to pay the monthly installments called for in the agreement. The affidavit of default set up a failure to pay such installments after the first two, and judgment was entered for the balance of the rental under the agreement.

The subject matter of the contract was a "Victor Radio—Model R. E. 57." The bailment lease contained no guaranty or warranty whatever. It expressly provided "that the whole of the agreement between the firm and myself, in relation to said articles of property, is set forth in this writing." It differs consequently, from the case of Plympton Cabinet Co. v. Rosenberg, 96 Pa. Superior Ct. 330. (195 April Term 1929), where there was an express agreement that the refrigerating case "must prove satisfactory in every way or full purchase price will be refunded," which was held to be a warranty, and in the circumstances there presented, required the opening of the judgment (p. 333). This case is more like the appeal in 196 April Term, 1929, decided in the same opinion, where there was no warranty and the refusal of the court below to open the judgment was affirmed.

The defendants called A. Sebastianelli, husband of the plaintiff, who conducted the business, as if under cross-examination. While they had the right to contradict his evidence and show that his statements were not true, in so far as they failed to do so they are concluded by his testimony: Dunmore v. Padden, 262 Pa. 436, 439, 105 Atl. 559; Mathey v. Flory Milling Co., 283 Pa. 331, 337, 129 Atl. 109; Cherry v. Union Natl. Bank, 87 Pa. Superior Ct. 114, 116.

The evidence failed to show any defect in material or workmanship, but rather outside interference due to a motor in the neighborhood, which was rectified, and intermittent static due to atmospheric conditions. The separate guaranty against defects in material or workmanship, presented at the hearing by the defendants, was the obligation of the R. C. A.-Victor Company, the manufacturer, and not of the plaintiff, the dealer, and could not be enforced against the latter.

The contract was, strictly speaking, a bailment, not a sale. But there was, in any event, no *implied* war-

ranty by the dealer, as contended by appellants, for the agreement related to a "specified article under its trade name." See Sales Act of 1915, P. L. 543, sec. 15 (4th), p. 547.

On full review of the evidence we find no abuse of discretion in the refusal of the court below to open the judgment.

The order is affirmed at the costs of the appellants.