## Gorfti v. Montgomery

*Stacy Schwartz* and *Francis R. Lord,* for plaintiff.
*Charles B. Burr,* for defendant.

SEMERARO, *J.,* November 7, 1988 — This suit was initiated by Seija Gorfti and her family as a result of the alleged medical malpractice of Bruce B. Montgomery, M.D. Plaintiff asserts that she was not properly diagnosed, treated or rendered the appropriate medical care by defendant in regard to a cancerous tumor in her left breast.

At trial Mrs. Gorfti testified that upon noticing a lump in her left breast she immediately visited the office of her gynecologist, Dr. Montgomery. This visit occurred on May 31, 1983. Dr. Montgomery examined plaintiff and confirmed there was a lump in her left breast. Upon examination the lump measured less than one centimeter. Defendant prescribed a mammogram which was performed two weeks later on June 14, 1983. On June 17, 1983

plaintiff called defendant at which time Dr. Montgomery related the results were normal. During this phone call, plaintiff related to defendant that the lump had gotten smaller in size. With these two facts at hand defendant instructed plaintiff to return in three months or earlier if she experience any soreness or if the cyst became enlarged. Mrs. Gorfti testified that she did not notice this lump becoming enlarged after the examination.

In December 1983, some six months after the examination, plaintiff returned to defendant with complaints of soreness in her left breast, but still no recognized growth of the prior cyst. Defendant diagnosed a lump in the plaintiff's left breast six centimeters in diameter. Dr. Montgomery attempted to aspirate the lump with a needle, but was not successful. Defendant referred plaintiff to another specialist for biopsy. The biopsy revealed a malignant tumor. A mastectomy was performed on the plaintiff. Plaintiff's cancer metastasized to other portions of her body.

At trial plaintiff called as a witness defendant Dr. Montgomery, as if on cross-examination. Defendant testified that a needle aspiration is a very rare procedure for the cyst less than one centimeter in size under the circumstances of this case. Plaintiff then called her expert witness, Donna Glover, M.D., who testified with regard to the standard of care in the diagnosis and treatment of a lump less than one centimeter in size discovered in a woman's breast. She testified that in her opinion the standard of care required the aspiration of any lump which was less than one centimeter in size to determine malignancy.

After plaintiff rested her case, defendant presented a written motion for compulsory nonsuit to the court. This nonsuit was granted.

Plaintiff filed post-trial motions for removal of the nonsuit and the granting of a new trial. Defendants filed a brief in opposition to plaintiff's post-trial motions. Arguments were heard on the motion on April 20, 1988, and plaintiff's motion was granted by court order on May 27, 1988. Defendants appeal from this ruling necessitating this opinion.

The motion for compulsory nonsuit was granted without being able to review the notes of testimony, because they had not been transcribed.

Defendants set forth two arguments in support of their motion for compulsory nonsuit. First, that plaintiffs produced two experts with contradictory testimony. Relying on the rule in *Mundano v. Philadelphia Rapid Transit Co.*, 289 Pa. 51, 137 Atl. 104 (1927) defendant argued that when two experts in the plaintiff's case in chief provide conflicting testimony on the ultimate question, nonsuit should be granted. This rule cannot be applied to the case at hand. Plaintiffs called Dr. Montgomery not as an expert, but as the defendant as if on cross-examination. 42 Pa.C.S. §5935.

It is well settled that, in the absence of satisfactory contradictory evidence, a plaintiff is bound by the testimony elicited from defendant called by plaintiff as on cross-examination. *Lawrence v. Godfrey*, 296 Pa. 474, 146 Atl. 107 (1929); *Morningstar v. Northeast Pennsylvania R. Co.*, 290 Pa. 14, 137 Atl. 800 (1927). Plaintiff's expert did rebut the testimony of defendant.

Second, defendant argues that plaintiffs failed to prove proximate causation. Plaintiff's expert witness was poorly prepared. Plaintiff's expert was asked if she could state to a "degree of medical certainty that the tumor found in December was the same tumor found in May." In response, the witness fumbled and eventually answered yes. With

the aid of a transcript it is now apparent that plaintiffs did establish a prima facie case. Had the witness been better prepared, no problem would have arisen. Therefore the nonsuit was stricken.